UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

POWER MARKETING DIRECT, INC.,

      Plaintiff,

   v.

WILBURN MOY, et al.,

      Defendants.

Case No. 2:08-cv-826
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to remand (Doc. # 25) filed by on Plaintiff, Power Marketing Direct, Inc., a memorandum in opposition (Doc. # 28) field by Defendants Theresa Moy, Wilburn Moy, and W.T.J.M. Enterprises, Inc., and a reply memorandum (Doc. # 30) filed by Plaintiff. Also before the Court is a motion for leave to file a sur-reply (Doc. # 33) filed by Defendants. For the reasons that follow, the Court **DENIES** the motion for leave to file a sur-reply and **GRANTS** the motion to remand.

### I. Background

On August 24, 2007, Plaintiff filed an action in the Franklin County Common Pleas Court against Defendants Wilburn Moy and W.T.J.M. Enterprises (collectively "original Defendants"). The complaint alleged that the action was to be litigated in the state court as a result of a contract between Plaintiff and the original Defendants. (Doc. # 7 ¶ 4.) The original Defendants did not file a notice of removal.

On August 8, 2008, Plaintiff filed an amended complaint adding Theresa Moy ("Ms. Moy") as a defendant. With the consent of the original Defendants, Ms. Moy removed the case

1

to this Court on August 29, 2008 on the grounds of diversity jurisdiction as set forth in 28 U.S.C. § 1332(a)(1). Thereafter, Plaintiff filed a motion to remand. (Doc. # 25.) The parties completed briefing on the motion pursuant to S.D. Ohio Civ. R. 7.2(a)(2). Defendants then filed a motion for leave to file a sur-reply. (Doc. # 33.)

## II. Discussion

As a threshold matter, this Court must first decide whether Defendants should be permitted to file a sur-reply, which would necessitate additional briefing before the Court can address the merits of Plaintiff's motion to remand. The Local Civil Rules, which permit the filing of a motion with a supporting memorandum, a memorandum in opposition, and a reply memorandum, also provide that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). Additionally, the Local Civil Rules provide:

> A party filing any other type of motion [other than a motion for an extension of time] to which other parties might reasonably be expected to give their consent (such as a motion to amend pleadings, for leave to file a document *instanter*, for voluntary dismissal of a complaint or counterclaim, or to correct an electronic filing involving a technical error in using the ECF system) shall comply with the procedure set forth in S. D. Ohio Civ. R. 7.3(a) before filing such motion.

S.D. Ohio Civ. R. 7.3(b). Local Civil Rule 7.3(a) requires consultation by counsel with opposing counsel prior to filing a motion.

Defendants do not indicate in their motion for leave to file a sur-reply that any consultation with opposing counsel occurred. Even assuming *arguendo* that such a lack of consultation is permissible or excusable, Defendants' motion nonetheless fails. Defendants assert as good cause for obtaining leave to file a sur-reply that

2

> Because the issue of initial removability was not raised in Plaintiff's motion, Defendants had no reason to assume that this was an issue relative to the Motion to Remand. Because of this Defendants did not address this issue in their Memorandum in Opposition. Because the issue of initial removability was raised for the first time in the Reply, Defendants request an opportunity to address this issue in a surreply.

(Doc. # 33, at 2.) The Court disagrees with Defendants' construction of the motion to remand. Moreover, what the argument reproduced above overlooks is that Plaintiff was responding in the reply memorandum to the argument Defendants raised in the memorandum in opposition, not presenting a new ground for remand. The initial-removability issue informs the actual grounds for the motion to remand, but alone does not provide a basis for remand. Plaintiff therefore did not raise new grounds for the first time in the reply memorandum so as to necessitate a sur-reply, but instead addressed a threshold issue both presented by Defendants and implicit in the original motion for remand. The Court therefore finds the motion for leave to file a sur-reply not well taken.

Having resolved the issue of additional briefing, the Court can now address the merits of the motion to remand. Federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from a state court only when the federal court would have original jurisdiction over the civil action. For this Court to have original jurisdiction, either diversity or federal subject matter jurisdiction must exist. 28 U.S.C. § 1332. Here, diversity jurisdiction must exist. Diversity jurisdiction exists in a United States District Court if the amount in controversy is in excess of $75,000 "exclusive of interest or costs" and the parties are citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction exists in this case.

Plaintiff alleges that under 28 U.S.C. § 1446(b) removal of this case is explicitly barred

because Ms. Moy attempted to remove more than one year after the commencement of this action. The first paragraph of § 1446(b) mandates that a defendant must remove a civil action within thirty days after having been served:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The United States Court of Appeals for the Sixth Circuit has held that § 1446(b) grants each defendant thirty days from the date of service to remove the case. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). Additionally, the Sixth Circuit flatly rejected the idea that a case must be removed within thirty days of the first defendant being served. *Brierly*, 184 F.3d at 533.

The second paragraph of § 1446(b) restates the thirty day time period for removal, but limits removal in certain diversity cases to within one year of the commencement of the civil action:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added). The issued raised when interpreting the second paragraph of § 1446(b) is whether the one year limitation on removal applies to all of § 1446(b) or just the second paragraph. In *Brierly*, the Sixth Circuit held:

> [T]he qualifying clause–"except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action"[–]can only be interpreted to modify the antecedent clause to which it is attached, and not previous sections of the text.

*Brierly*, 184 F.3d at 534-35. Thus, the court of appeals has concluded, "the one-year limitation on removal of diversity cases applies only to those that were not initially removable." *Id.* at 535.

Plaintiff filed the present case in the Franklin County Common Pleas Court on August 24, 2007, with the original defendants served on or about September 14, 2007. Neither of the original defendants attempted to remove the case, and it remained in state court until August, 2008. On August 8, 2008, Plaintiff amended the complaint and added Ms. Moy as the third defendant. Ms. Moy, having been served with a copy of the Amended Complaint on or about August 19, 2008, removed the case to this Court on August 29, 2008. Under § 1446(b), Ms. Moy's removal is invalid only if "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b).

Plaintiff argues that this case was not removable due to a forum selection clause in the contract signed between the Plaintiff and the original Defendants. Ms. Moy, on the other hand, argues that the case, as stated by the initial pleading, was removable because complete diversity existed at that time and therefore removal was possible. The focus of the remand inquiry is this on the forum selection clause of the underlying contract.

5

Paragraph 26 of that agreement states:

> **Choice of Law and Forum:** The Licensor and Licensee agree that the laws of the State of Ohio shall govern this Agreement. Further, the Licensee and Licensor each agree that any action, claim or demand arising under or as a result of this Agreement shall be filed in the Common Pleas Court of Franklin County, Ohio, and the Licensee hereby agrees and consents to the jurisdiction of the Franklin County Court of Common Pleas as to any dispute involving the parties' business relationship, including personal jurisdiction over Licensee and subject matter jurisdiction over the dispute.

(Doc. # 7, at 17, Ex. A ¶ 26.) The Sixth Circuit "has held that any waiver of the right to remove must be 'clear and unequivocal.' " *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008) (quoting *Regis Assocs. v. Rank Hotels Ltd.,* 894 F.2d 193, 195 (6th Cir. 1990)). Thus, "[a] clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." *Id.*

The foregoing contractual provision fails to mention removal explicitly. But this agreement, signed by Plaintiff and the original defendants, nonetheless prohibits removal. The Court must reach this conclusion based on the plain language of the contractual provision at issue and its interaction with the Federal Rules of Civil Procedure.

Unlike distinguishable cases in which a forum selection provision presents a more open-ended description of the forum, the provision at issue here refers to one specific court, the Franklin County Court of Common Pleas. *See, e.g.*, *Regis Assocs.,* 894 F.2d at 194 (addressing broad forum selection clause stating that "the parties hereby submit to the jurisdiction of the Michigan Courts"); *see also Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) (addressing broad forum selection clause that required parties to litigate contract disputes "in courts in the State of Ohio," which would include federal courts located geographically in Ohio).

6

This narrow limitation must be read to evince an intent to preclude removal or else the parties have agreed to a nonsensical provision that could only serve to disrupt the application of Federal Rule of Civil Procedure 13(a). That rule would mandate bringing a compulsory counterclaim based on a breach of the contract between Plaintiff and the original Defendants in the removed federal case, but the contract requires that "any action, claim or demand arising under or as a result of this Agreement shall be filed in the Common Pleas Court of Franklin County, Ohio." (Doc. # 7, at 17, Ex. A ¶ 26.) The party needing to assert the compulsory counterclaim could not comply with both the civil rule and the agreement under the strained reading of the agreement that Defendants assert.

Accordingly, unlike in *Regis* where the Sixth Circuit found "nothing in the language ultimately chosen [in the broad forum selection clause] that suggests any intent on the part of anyone to waive the right of removal from state to federal court," *Regis Assocs.,* 894 F.2d at 195, the Court cannot logically read the forum selection provision *sub judice* to reflect anything but an intent to preclude removal. Reaching a contrary conclusion would mean accepting the dubious proposition that the parties intended to permit bifurcated litigation proceeding in two different forums, one state and one federal, without the ability to adhere to Rule 13(a). This Court cannot endorse such an illogical construction when the plain language of the forum selection provision and its interaction with the Federal Rules of Civil Procedure points to an intent to prevent removal. The resulting waiver can only be regarded as clear and unequivocal, and the parties' conflicting interpretations cannot puncture this conclusion when they simply cancel one another out. *Cf. Regis Assocs.*, 894 F.2d at 195 ( "The issue . . . is not resolvable by looking to the testimony of the parties as to their intent, since the testimony of one side, at best,

7

cancels out the testimony of the other."). The only plausible construction of the forum selection clause supports a finding of waiver. *See Specialty Cheese Co., Inc. v. Universal Food & Dairy Prods., Inc.*, No. 07-CV-970, 2008 WL 906750, at *2 (E.D. Wis. Apr. 1, 2008).

This Court recognizes that *Specialty Cheese* did not turn on a conclusion that the waiver involved in that case was clear and unequivocal and that the district court in fact rejected non-binding authority supporting such a requirement. *Id.*, 2008 WL 906750, at *3. Because the Sixth Circuit has imposed such a requirement, this Court does not adopt or rely upon that contrary portion of *Specialty Cheese*. As discussed above, however, logic dictates that the narrow forum selection provision here does present a clear and unequivocal waiver, even if the term "removal" is not included in the contractual language. Although the addition of that term would have been helpful in avoiding the present dispute, such use would have been superfluous given the unquestionable effect of the plain language the parties used.

This last point finds support in the fact that even courts requiring a clear and unequivocal waiver do not mandate use of "magic words" expressly referring to the right of removal. For example, the Tenth Circuit found waiver to exist in the following contractual provision, despite its failure to reference removal explicitly:

> Both contractor and Company hereby submit to the jurisdiction of the Courts of the State of Colorado and agree that the Courts of the State of Colorado/Arbitrator shall be the exclusive forum for the resolution of any disputes related to or arising out of this Term Agreement.

*American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924 (10th Cir. 2005). After distinguishing the language of the forum selection clause at issue in the Sixth Circuit's *Regis* from the foregoing clause, the Tenth Circuit then explained that by designating an exclusive forum, the provision was mandatory and constituted an unequivocal waiver of the right

8

of removal. *Id.* at 927. Although the forum selection provision involved in the instant case does not use the word "exclusive," it does designate one specific forum and its wording requires that compulsory counterclaims would need to be brought in that state court. The exclusivity of the state forum is inherent, rendering the waiver clear and unequivocal. *Cf. Archdiocese of Milwaukee v. Underwriters at Lloyd's, London*, 955 F. Supp. 1066 (E.D. Wis. 1997) (finding a clear and unequivocal waiver in a forum selection clause despite absence of explicit reference to right of removal).

Plaintiff is a resident of Ohio and the original Defendants are residents of Michigan. The amount in controversy also exceeds $75,000. Accordingly, complete diversity existed in this case at the time of the initial pleading. But the forum selection provision of the contract rendered the action as stated in the original complaint not removable, which means that the one-year limitation contained in the second paragraph of § 1446(b) applies. Ms. Moy, having removed this case within thirty days of perfected service, was not permitted under § 1446(b) to remove this action to federal court.

### III. Conclusion

For the reasons set out above, the Court **DENIES** Defendants' motion for leave to file a sur-reply (Doc. # 33), **GRANTS** Plaintiff's motion to remand (Doc. # 25), and **REMANDS** this cause to the Franklin County Court of Common Pleas.

**IT IS SO ORDERED**.

        /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE